IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MEGHAN LOKEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:19-CV-02475 |
| | ) **JURY TRIAL DEMANDED** |
| ST. LOUIS COUNTY, MISSOURI | ) |
| and | ) |
| COLONEL JON BELMAR, in his official and individual capacities | ) |
| Defendants. | ) |

## COMPLAINT

## FACTS COMMON TO ALL COUNTS

1. Plaintiff, Meghan Lokey (hereinafter "Lokey" or "Plaintiff"), is an individual residing in the City of St. Louis, Missouri. She is a female, who was employed by Defendant St. Louis County Police Department until she was terminated on or about March 2, 2018, after she reported comments of a sexual nature made about her by a supervisor.

2. Defendant St. Louis County is a charter county in the State of Missouri, with the authority and powers of government delegated to it by the State of Missouri and promulgated pursuant to the Missouri Constitution, which include the right to establish and maintain departments of government for law enforcement, taxation, and other matters. As such, Defendant is a political subdivision of the State of Missouri.

3. Defendant Col. Jon Belmar (hereinafter "Belmar") is the St. Louis County Police

Chief. He is sued in both his individual and official capacities.

4. This action is brought pursuant to 42 U.S.C. §2000(e) *et seq.*, 42 U.S.C. § 1983 and § 213.010 *et seq.* R.S.Mo. This court has jurisdiction over this action pursuant to 28 U.S.C. §1331. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.

5. The adverse employment actions Lokey suffered when her probationary officer status was improperly extended and then she was fired occurred in St. Louis County, State of Missouri, within the Eastern Division of the eastern District of Missouri. Therefore, venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

6. Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## FACTS COMMON TO ALL COUNTS

7. Plaintiff entered the St. Louis County and Municipal Police Academy in June 2016.

8. During her training program, Plaintiff suffered an injury that required her to be placed on "limited duty." As a result, she was unable to perform one of the required physical tests to complete training and graduate. Generally, recruits unable to complete training are not permitted to graduate with their class.

9. Plaintiff's Academy instructors recommended to St. Louis County Police Chief, John Belmar, that Plaintiff be authorized to graduate with the rest of her recruit class. Chief Belmar approved this recommendation and Plaintiff was removed from "limited duty" and graduated with her class on December 13, 2016.

10. After graduation from The Academy, recruits begin a one-year probationary period.

11. Plaintiff was returned to "limited duty" on December 14, 2016, due to her injury,

and assigned to the County Police station in Jennings, Missouri.  Plaintiff was not allowed to begin her "probationary officer" period while on "limited duty".

12. Despite being on "limited duty", Plaintiff was performing all duties required of a probationary police officer as if under no physical restrictions or limitations.  However, she was not classified as a probationary officer and her one-year probationary period did not begin until March 2017.

13. Although Plaintiff began performing police duties in December 2016, her one-year probationary period did not end in December 2017 as it should have.  Instead, it was extended until March 20, 2018.

14. Upon information and belief, male probationary officers did not have their probationary status extended like Plaintiff when they were able to perform the duties Plaintiff was able to perform.

15. In January 2018, Plaintiff learned of an investigation into allegations of misconduct against instructors with the County and Municipal Police Academy.  Plaintiff was interviewed during the course of the investigation.

16. On or about January 20, 2018, Plaintiff learned that one of the shift commanders, Lieutenant James Morgan, openly discussed the investigation in front of other police officers.  During this discussion he made disparaging comments about Plaintiff, including but not limited to, that he thought she was given preferential treatment during the academy and that she slept her way through the academy.

17. Upon learning of Lt. Morgan's inappropriate and derogatory comments about her, Plaintiff filed a formal complaint with the Bureau of Professional Standards.

18. Shortly after Lt. Morgan became aware of the complaint Plaintiff filed, Plaintiff

learned that Lt. Morgan posted a message to his Facebook account which Plaintiff perceived as a threat.  The message stated: "PSA: Never put Ur hand in fire.  Never start a fight w/enemy U never seen.  Never but Never test me w/o studying FIRST! #NOTWISE".

19. On or about March 2, 2018, before Plaintiff's probationary period ended, she was called into the station and met by three supervisors.  She was denied permission for union representation at this meeting, despite her request.  She was terminated on March 2, 2018.

20. Upon information and belief, male probationary officers who engaged in similar or more serious alleged conduct in violation of Department policy were not fired like Plaintiff.

21. On August 28, 2018 Plaintiff filed a timely Charge of Discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commision.

22. The EEOC issued Plaintiff a "right to sue letter" on June 6, 2019.  The Missouri Commission on Human Rights issued Plaintiff a letter stating its adoption of the EEOC's findings on July 19, 2019.

## COUNT I
## PLAINTIFF'S TITLE VII AND MHRA
## GENDER DISCRIMINATION CLAIM

For Count I of Plaintiff's cause of action against Defendant County, Plaintiff states as follows:

23. Plaintiff incorporates by reference as if fully set forth herein paragraphs 1 through 22 of this Complaint.

24. Plaintiff is a member of a protected class, female.

25. Plaintiff was qualified to perform her job.

26. Plaintiff suffered adverse employment actions when her probationary period was extended and when she was fired as a probationary employee.

27. Plaintiff's gender, female, was a motivating factor in the adverse employment actions Defendant took against Plaintiff.

28. Plaintiff was treated differently and less favorably by Defendant than male probationary employees of Defendant, giving rise to an inference of unlawful gender discrimination.

29. The acts and/or omissions complained of herein were in violation of Plaintiff's rights secured by 42. U.S.C. §2000(e) *et seq* and/or 213.010 *et seq*. R.S.Mo.

30. As a direct and proximate result of the acts and/or omissions complained of herein, Plaintiff has suffered and will continue to suffer lost wages and other benefits of employment.

31. As a direct and proximate result of the acts and/or omissions complained of herein, Plaintiff has suffered and will continue to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation and stress, and loss of personal and professional reputation.

32. Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of others, making an award of punitive damages against this Defendant under the MHRA appropriate to punish it and to deter it and others from like conduct in the future.

WHEREFORE, Plaintiff Meghan Lokey prays this Court enter judgment in her favor and against Defendant St. Louis County and thereafter order Defendant to make her whole by awarding her damages for lost wages and benefits of employment; awarding damages to Lokey for her emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation; awarding Lokey punitive damages against Defendant St. Louis County under the MHRA in such sum as this Court believes will serve to punish it and to deter it and

others from like conduct; awarding Lokey the costs of this action, together with her reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances, to include but not necessarily be limited to reinstatement with backpay.

**COUNT II**
**PLAITNIFF'S RETALIATIATION CLAIM PURSUANT TO TITLE VII AND THE MHRA**

For Count II of Plaintiff's cause of action against Defendant St. Louis County, Plaintiff states as follows

33. Plaintiff incorporates by reference as if fully set forth herein paragraphs 1 through 32 of this Complaint.

34. As described in detail above, Plaintiff was retaliated against by the Defendant when she was terminated after she complained about the statements/conduct of Lt. Morgan, which was activity protected by Title VII and the MHRA.

35. Plaintiff suffered an adverse employment action when she was fired.

36. A causal connection exists between Plaintiff's protected activity and her termination.

37. The acts and/or omissions complained of herein were in violation of Plaintiff's rights secured by 42 U.S.C. §2000(e) *et seq.* and §213.010 *et seq.* R.S.Mo., and more specifically, § 213.070 R.S.Mo.

38. As a direct and proximate result of the acts and/or omissions complained of herein, Plaintiff has suffered and will continue to suffer lost wages and other benefits of employment.

39. As a direct and proximate result of the acts and/or omissions complained of herein, Plaintiff has suffered and will continue to suffer emotional pain, suffering, inconvenience, mental

anguish, loss of enjoyment of life, humiliation and stress, and loss of personal and professional reputation.

40. Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of others, making an award of punitive damages against this Defendant under the MHRA appropriate in this case to punish it and to deter it and others from like conduct in the future.

WHEREFORE, Plaintiff Meghan Lokey prays this Court enter judgment in her favor and against Defendant St. Louis County and thereafter order Defendant to make her whole by awarding her damages for lost wages and benefits of employment; awarding damages to Lokey for her emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation; awarding Lokey punitive damages against Defendant under the MHRA in such sum as this Court believes will serve to punish it and to deter it and others from like conduct; awarding Lokey the costs of this action, together with her reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances, to include but not be limited to reinstatement with backpay.

## COUNT III
## VIOLATION OF PLAINTIFF'S RIGHT TO EQUAL PROTECTION COGNIZABLE UNDER 42 U.S.C. SECTION 1983

For Count III of Plaintiff's cause of action against all Defendants, Plaintiff states as follows:

41. Plaintiff incorporates by reference as if fully set forth herein paragraphs 1 through 40 of this Complaint.

42. Defendants, acting under color of state law, deliberately acted against Plaintiff as

7

set forth above because of her gender, female, causing her to be deprived of her rights secured by the Constitution and laws of the United States.

43. The actions, policies and practices complained of were in violation of 42 U.S.C. §1983 in that they have denied Lokey of her rights secured by Title VII of the Civil Rights Act of 1964, as well as equal protection of the law as secured by the Fourteenth Amendment to the United States Constitution.

44. The actions complained of herein were taken by Defendant Belmar as part of a deliberate policy of discrimination against a female employee of the Department.

45. Defendant Belmar has final policy making authority within the Department.

46. As a direct and proximate result the acts of the Defendant as alleged herein, Lokey's probationary period was extended and she was later terminated for complaining about Defendant Morgan's inappropriate statements/conduct.

47. As a direct and proximate result of the acts and/or omissions complained of herein, Plaintiff has suffered and will continue to suffer lost wages and other benefits of employment.

48. As a direct and proximate result of the acts of the Defendant as alleged herein, Lokey has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation.

49. The conduct of Defendant Belmar as set forth herein was wanton, willful, and showed a reckless indifference to Lokey's constitutional and statutory rights as set forth above, justifying an award of punitive damages against him in his individual capacity to punish him and to deter him and others from the same or similar misconduct in the future.

WHEREFORE, Plaintiff Meghan Lokey prays this Court enter judgment in her favor and

against all Defendants and thereafter order Defendants to make her whole by awarding her damages for lost wages and benefits of employment; awarding damages to Lokey for her emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation; awarding Lokey punitive damages against the individual Defendants in their individual capacities in such sum as this Court believes will serve to punish them and to deter them and others from like conduct; awarding Lokey the costs of this action, together with her reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances, to include but not necessarily be limited to reinstatement with backpay.

Respectfully submitted,

**PLEBAN & PETRUSKA LAW, LLC**

By:   \_\_/s/ J.C. Pleban  #63166_____
J.C. Pleban, #63166
jc@plebanlaw.com
Benjamin P. Kates, #65557
bkates@plebanlaw.com
2010 S. Big Bend Blvd.
St. Louis, MO 63117
(314) 645-6666
(314) 645-7376  (FAX)

*Attorneys for Plaintiff*